# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# BILLINGS DIVISION

| | |
|---|---|
| THOMAS MCGOVERN, | Cause No. CV 10-00157-BLG-RFC-CSO |
| Plaintiff, | ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND TO SERVE COMPLAINT BY REQUESTING WAIVER OF SERVICE OF SUMMONS AND FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE |
| vs. | |
| PATRICK SMITH, et al. | |
| Defendants. | |
| | (Defendants see D.Mont. L.R. 12.2) |

Pending are Plaintiff Thomas McGovern's Motion to Proceed in Forma Pauperis (Court Doc. 1) and proposed Complaint (Court Doc. 2).

This action presents a controversy over whether the Defendants, acting under color of state law, violated McGovern's federal rights thereby subjecting Defendants to liability under 42 U.S.C. § 1983. Accordingly, the case presents a federal question over which the Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## I. MOTION TO PROCEED IN FORMA PAUPERIS

McGovern submitted a declaration and account statement

sufficient to make the showing required by 28 U.S.C. §1915(a).

Therefore, the request to proceed in forma pauperis will be granted.

Pursuant to 28 U.S.C. § 1915(b)(1), McGovern is required to pay

the statutory filing fee of $350.00.  McGovern has insufficient funds to

pay the initial partial filing fee but he will be required to make monthly

payments of 20 percent of the preceding month's income credited to his

institutional account.  By separate order, the agency having custody of

McGovern will be directed to forward payments from McGovern's

account to the Clerk of Court each time the amount in the account

exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §1915(b)(2).

## II. STATEMENT OF CASE

### A.    Parties

The Complaint lists the following individuals as Plaintiffs:

Thomas McGovern, Shawn Morrison, Lynn Dickson, and Donald Smith.

The Court does not allow pro se litigants to proceed together in one

action.  See Swenson v. MacDonald, Civil Action No. 05-93-GF-SEH-

CSO (2006 WL 240233)(D.Mont. Jan. 30, 2006) and Osterloth v.

Hopwood, Civil Action No. 06-CV-152-M-DWM-JCL (2006 WL 3337505)

ORDER AND FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE—
CV 10-00157-BLG-RFC-CSO / PAGE 2

(D.Mont. November 15, 2006).

Plaintiffs Morrison, Dickson, and Smith have not filed motions to proceed in forma pauperis.  In addition, the Department of Corrections website indicates that Mr. Dickson and Mr. Smith are no longer incarcerated at the Dawson County Correctional Facility and that they were not incarcerated there at the time the Complaint was filed.

For all these reasons, this case may proceed on McGovern's claims alone.  The Clerk of Court will be directed to serve a copy of this Order upon the other individuals who signed the Complaint.

 McGovern is an inmate incarcerated at Dawson County Correctional Facility.  He is proceeding without counsel.  He names Patrick Smith, Contract Placement Bureau Chief at Montana State Prison; Steve Ray, Warden of Dawson County Correctional Facility; Tom Green, Deputy Warden; Captain Noddlin, Unit Manager; Carry Zackmann, Programs and Religious Coordinator; Stacy Tew, Case Manager; Ltd. Bartle, security chief; and Correctional officer Berman/Thompson as Defendants.

ORDER AND FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE–
CV 10-00157-BLG-RFC-CSO / PAGE 3

**B.   Allegations**

McGovern complains in Count 1 about the denial of a proposal he submitted to the administration at Dawson County Correctional Facility through the inmate welfare fund (IWF) requesting religious supplies for the Wiccan religious group.  He alleges Case Manager Stacy Tew was present during the IWF meeting and reviewed the proposal. In her response to McGovern's grievance, Defendant Tew explained that all religious proposals go through Zackmann.  She also stated that "pod reps never mentioned anything pertaining to Wicca, only Native American."  (Court Doc. 2-1, p. 6 Document B).  McGovern alleges Tom Green, Steve Ray, and Patrick Smith denied his grievances regarding the proposal.  (Court Doc. 2-1, pp. 3-4).

In Count 2, McGovern alleges that the Wiccan group's candles were replaced with battery operated "electric candles" on December 26, 2009.  He contends Carrie Zackmann was responsible for the replacement of the candles.  He states Tom Green, Steve Ray, and Patrick Smith denied his grievances regarding this incident and Defendants Bartlel and Noddlin ignored his requests for meetings

ORDER AND FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE– CV 10-00157-BLG-RFC-CSO / PAGE 4

regarding the issue.  (Court Doc. 2-1, pp. 23-24).

Count 3 alleges Defendant Burman/Thompson confiscated McGovern's necklace on April 21, 2010 leaving him with a religious pendant without a chain.  He was told he could purchase a replacement chain from an approved vendor but he was not given a copy of the religious policy and instead was told that he had access to the policy in the library.  On April 21, 2010, McGovern filed an informal resolution form seeking a complete updated copy of the DCCF policies.  Captain Noddlin responded on May 4, 2010 that they would be updating the policies.  McGovern filed a second informal resolution form dated July 15, 2010, regarding the lack of follow-up regarding the updates.  He asked again for a copy of updated policies.  The response to that grievance indicates the policy was given to McGovern on August 5, 2010.  (Court Doc. 2-1, p. 32).  McGovern contends his loss of property resulted from the lack of policy access.  Defendants Green and Ray denied further grievances on the issue.  (Court Doc. 2-1, pp. 25-28).

Count 4 complains that MSP and DCCF policy prohibits the casting of spells or curses.  He contends all employees should be held

liable who work under Steve Ray, the Warden at Dawson County Correctional Facility, and who follow this policy which inhibits the full practice of the Wiccan religion.  (Court Doc. 2-1, p. 39).

For his relief, McGovern asks that the facility order the following items to be added to the communal item list for Wiccan group services: alter cloth; assorted oils; pendulum; crystal ball; bone runes; ten foot silk rope; two porcupine quill pens; ritual spell inks of bat's blood, dove's blood, and dragon's blood; clear quartz crystals; and an egg timer.  He also requests:  (1) that the candles be returned and the Wiccan inmates be given more options as to the length, style, and design of the candles in the future; (2) a religious activity center built that can accommodate all religious services equally; (3) a staff member to supervise the use of candles without interference, (4) that both MSP and DCCF policies be revised with clear procedures regarding "approved vendor purchases" in regards to religious pendants and chains and what is considered approved; and (5) to be allowed to cast spells and do other magic as it is a large part of the Wiccan practice and beliefs.

## III.  SCREENING PURSUANT TO 28 U.S.C. §§ 1915, 1915A

Because McGovern is a prisoner proceeding in forma pauperis, his Complaint is subject to screening under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. Sections 1915A(b) and 1915(e)(2)(B) allow for the dismissal of a pro se prisoner complaint before it is served upon the defendants if it is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (quotation omitted). Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted).

"A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent

standards than formal pleadings drafted by lawyers'." <u>Erickson v.
Pardus</u>, 551, U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); <u>Cf.</u>
Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do
substantial justice").  If a plaintiff attaches documents to the complaint,
the court is not limited to the complaint and may consider these
documents when determining whether the plaintiff can prove any set of
facts in support of the claim.  <u>During v. First Boston Corp.</u>, 815 F.2d
1265, 1267 (9th Cir. 1987).

Although the statute requires a dismissal for the reasons stated, it
does not deprive the district court of its discretion to grant or deny leave
to amend.  <u>Lopez v. Smith</u>, 203 F.3d 1122, 1127 (9th Cir. 2000).  The
court can decline to grant leave to amend if "it determines that the
pleading could not possibly be cured by the allegation of other facts."
<u>Lopez</u>, 203 F.3d. at 1127 (<u>quoting Doe v. United States</u>, 58 F.3d 494,
497 (9th Cir. 1995)).  Leave to amend is liberally granted to pro se
litigants unless it is "absolutely clear that the deficiencies of the
complaint could not be cured by amendment." <u>Noll v. Carlson</u>, 809 F.2d
1446, 1448 (9th Cir. 1987) (<u>citing Broughton v. Cutter Labs.</u>, 622 F.2d

ORDER AND FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE–
CV 10-00157-BLG-RFC-CSO / PAGE 8

458, 460 (9th Cir. 1980)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law.   See West v. Atkins, 487 U.S. 42, 48 (1988).

### A.  Claim for Denial of Religious Freedom

McGovern alleged five claims regarding his free exercise of religion:  (1) he was denied supplies requested for his religious practice; (2) he was denied the use of real candles during his religious services; (3) his chain for his religious pendant was confiscated; (4) he was denied copies of policies regarding ordering a chain from an approved vendor; and (5) prison policy does not allow him to conduct spells.

McGovern's claims must be construed as allegations of interference with his right to the free exercise of religion in violation of the First Amendment and claims under the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA").  To state a First Amendment free-exercise-of-religion claim, a plaintiff must allege that a

ORDER AND FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE–
CV 10-00157-BLG-RFC-CSO / PAGE 9

defendant burdened the practice of a plaintiff's religion by preventing

him from engaging in a sincerely held religious belief and did so without

any justification reasonably related to legitimate penological interests.

Shakur v. Schriro, 514 F.3d 878 (9th Cir. 2008).

Similarly, RLUIPA provides that "[n]o government shall impose a

substantial burden on the religious exercise of a person residing in or

confined to an institution," unless the government shows that the

burden furthers "a compelling governmental interest" and does so by

"the least restrictive means."  42 U.S.C. § 2000cc-1(a).  The Act broadly

defines "religious exercise" to include "any exercise of religion, whether

or not compelled by, or central to, a system of religious belief."  42

U.S.C. § 2000cc-5(7)(A); Warsolider v. Woodford, 418 F.3d 989, 994 (9th

Cir. 2005).

McGovern does not convincingly allege that defendants

substantially burdened his religious practice.  Although McGovern

contends his proposal for Wiccan supplies was denied, he was

repeatedly told he needed to resubmit his requests and there is no

indication that he did so.  In response to McGovern's February 27, 2010

ORDER AND FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE–
CV 10-00157-BLG-RFC-CSO / PAGE 10

informal resolution form, he was advised that "all religious proposals go through Zackmann and she decides" and that the pod reps never mentioned anything pertaining to Wicca and he needed to resubmit his proposal. (Court Doc. 2-1, p. 6: Document B). In response to his appeal to the Warden, on May 10, 2010, McGovern was told, "you need to contact Carrie Zachman. She is the religious coordinator. She will work with you. If you have an IWF request please take it to your pod rep. Filing a grievance without working with religious coordinator does not help us work with you." (Court Doc. 2-1, p. 12: Document F). Again on June 2, 1010, McGovern was reminded: "You have been told throughout this process to contact your pod rep and Carrie Zachman to put a request in to IWF and nothing is shown here that you have done that properly." Id. at 14.

There is no indication in the Complaint or in the documents attached thereto that McGovern ever attempted to request these supplies from the religious coordinator. To the extent, McGovern might contend his requests would not be granted, at this juncture, such a claim would be speculative. Thus, this claim fails as a matter of law.

McGovern's second claim regarding the substitution of electric candles for regular candles also fails as a matter of law.  The response to McGovern's grievance on this issue indicates the substitution was made based upon a security decision and as a matter of building safety. Other courts have held that denying inmates access to candles appears rationally related to a safety interest within the prison under the analysis set forth in <u>Turner v. Safley</u>, 482 U.S. 78 (1987).  <u>See Rouser v. White</u>, 630 F.Supp.2d 1165, 1190 (E.D.Cal. 2009).  McGovern points out he suggested a number of alternatives (such as tall glass candlies, candles that protect the flame, or an officer present during services). But there is no indication why the use of electric candles (as opposed to real candles) substantially burdened the practice of religion.

As there is no showing how the use of electric candles as opposed to real candles substantially burdened the practice of McGovern's religion and the denial of candles is rationally related to building safety, this claim will be recommended for dismissal.

It is unclear whether McGovern's third claim is that his chain for his religious pendant was confiscated or if it is that he was not given a

copy of a religious policy indicating he could order a new chain through an approved vendor.  Either way, the claim fails as a matter of law. McGovern makes no allegation that the confiscation of his chain substantially burdened his practice of religion.  Moreover, it appears that he did not even try to order a new chain – rather, he got into a debate with prison staff regarding obtaining a copy of prison policy. There is no constitutional right to being given a complete updated copy of a religious policy, particularly when a copy of the policy is available to inmates in the prison library.  Court Doc. 2-1 at 34, 38.  As such, this claim will be recommended for dismissal.

Lastly, McGovern seeks to change MSP and DCCF policy prohibiting the "casting of spells or curses."  In the relief section on the Complaint, McGovern asks to be allowed to cast spells and do other magic, "as it is a larg [sic] part of our pratice [sic] and beliefs."  (Court Doc. 2-1, p. 60).  In 2003, the Seventh Circuit remanded a case filed against the Federal Bureau of Prisons under the Religious Freedom Restoration Act (RFRA) for the purposes of determining whether a policy prohibiting the casting of spells is the "least restrictive means of

achieving a compelling governmental interest." <u>See O'Bryan v. Bureau of Prisons</u>, 349 F.3d 399, 401 (7th Cir. 2003).

In <u>O'Bryan</u>, the Seventh Circuit found the district court had erred in dismissing a claim brought by a Wiccan under RFRA because the "empty record" contained nothing to demonstrate that the Wiccan "spells" would cause problems, or that the rule at issue was the least restrictive means of achieving a compelling governmental interest.  The court noted that the task for the district court in the first instance was to be certain there was a suitable record to support an inference that Wiccan spells would cause problems. In a concurring opinion, Judge Bauer explained that the Seventh Circuit's opinion should not be read as an endorsement, "even by implication [of] 'casting of spells/curses' in any setting, including a prison."  But he explained that the record must contain some indication of judicial inquiry into what might be reasonable restrictions.  <u>Id</u>. at 402.

Although RFRA has been found unconstitutional as applied to the states, it was applied in the <u>O'Bryan</u> case based upon the assumption that it remains operative as to the Federal Government and federal

territories and possessions.  O'Bryan, 349 F.3d at 400-401; see also Guam v. Guerrero, 290 F.3d 1210, 1220-1222 (9th Cir. 2002); Kikumura v. Hurley, 242 F.3d 950, 958-960 (10th Cir. 2001); In re Young, 141 F.3d 854, 858-863 (8th Cir. 1998).  RLUIPA's language closely tracks that of RFRA and the Supreme Court has held that RLUIPA "allows federal and state prisoners to seek religious accommodation pursuant to the same standard as set forth in RFRA."  Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal, 546 U.S. 418, 436, 126 S.Ct. 1211 (2006).  Therefore, even though the O'Bryan case was decided under RFRA, it does provides some guidance for the RLUIPA question at issue here.

Although there is no case in the Ninth Circuit similar to O'Bryan, the Seventh Circuit's holding suggests that this Court's responsibility is to require a response from Defendant Ray.  See also Pedigo v. Williams, 2008 WL 833166 (S.D. Ind. March 27, 2008) (both parties' motions for summary judgment denied and a bench trial scheduled where prison prohibited Wiccan books plaintiff wanted because they contained information about spells he might cast on other inmates); Doty v. Lewis, 995 F.Supp. 1081 (D.Ariz 1998)(after two years of discovery and a two-

day trial, court found that prison had rational reasons to prohibit

plaintiff from possessing a Satanist spell casting book).

The relief sought regarding Count 4 is to be allowed to cast spells

and do other magic.  (Court Doc. 2-1, p. 60).  A defendant named in a

suit for injunctive relief must by virtue of his/her office have some

connection with the enforcement of the challenged law.  Ex parte

Young, 209 U.S. 123, 157-61, 28 S.Ct. 441, 452-54 (1908).  If a

defendant could not appropriately respond to a court order granting

injunctive relief, he or she should be dismissed.  The proper defendant,

therefore, is Warden Ray.

## IV.  CONCLUSION

The Court has considered whether McGovern's Complaint is

frivolous, malicious, fails to state a claim, or seek solely monetary relief

from a defendant who is immune.  See 28 U.S.C. §§ 1915(e)(2),

1915A(b).  The Court concludes dismissal of Count 4 of McGovern's

Complaint is not appropriate at this time.  Defendant Ray must make

an appearance in this matter.  The Court makes no conclusions about

the truth of McGovern's allegations or about the strength of this claim

or of the evidence McGovern might offer to corroborate it.  The Court only finds that McGovern said enough to require a response from Defendant Ray on Count 4.

Claims 1, 2, and 3 and Defendants Smith, Green, Noddlin, Zackmann, Tew, Bartle, and Berman/Thompson will be recommended for dismissal.

Based on the foregoing, the Court issues the following:

## ORDER

1.  McGovern's Motion to Proceed in Forma Pauperis (Court Doc. 1) is granted.  The Clerk shall file the Complaint without prepayment of the filing fee.

2.  The Clerk shall edit the text of the docket entry for the Complaint to remove the word "LODGED" and the Complaint is deemed filed on December 8, 2010.

3.  The Clerk of Court is directed to serve a copy of this Order and Recommendations upon Shawn Morrison, DOC ID # 2113453, Dawson County Correctional Facility, 440 Colorado Blvd, Glendive, MT 59330; Lynn Dickson, DOC ID # 34662, NEXUS, P.O. Box 1200, Lewistown,

MT 59457; and Donald Smith DOC ID # 2137064, NEXUS, P.O. Box 1200, Lewistown, MT 59457.

4.  Pursuant to Fed.R.Civ.P. 4(d), the Court will request Defendant Ray to waive service of summons by executing, or having counsel execute, the Waiver of Service of Summons.[1]  The Waiver must be returned to the Court within **thirty (30) days of the entry date reflected on the Notice of Electronic Filing**.  If Defendant Ray chooses to return the Waiver of Service of Summons, his answer or appropriate motion will be due within 60 days after the entry date of this Order as reflected on the Notice of Electronic Filing, pursuant to Fed.R.Civ.P. 12(a)(1)(B).

5.  The Clerk of Court shall forward the documents listed below to:
Warden Steve Ray, Jr.
Dawson County Correctional Facility
440 Colorado Blvd
Glendive, MT 59330

*      McGovern's Complaint (Court Doc. 2);
*      this Order,
*      a Notice of Lawsuit & Request to Waive Service of

---

[1]As Defendants Smith, Green, Noddlin, Zackmann, Tew, Bartle, and Berman/Thompson are recommended for dismissal, they do not need to file a responsive pleading at this time.

ORDER AND FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE–
CV 10-00157-BLG-RFC-CSO / PAGE 18

Summons; and
* a Waiver of Service of Summons

Counsel for Defendant must file a "Notice of Appearance" as a separate document at the time an Answer or Rule 12 motion is filed. See D. Mont. L.R. 12.2.

6. Any party's request that the Court grant relief, make a ruling, or take an action of any kind must be made in the form of a motion, with an appropriate caption designating the name of the motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10, and 11. If a party wishes to give the Court information, such information must be presented in the form of a notice. The Court will not consider requests made or information presented in letter form.

7. Pursuant to Fed.R.Civ.P. 5(a), all documents presented for the Court's consideration must be simultaneously served by first-class mail upon the opposing party or their counsel if the party is represented. Each party shall sign and attach a proper certificate of service to each document filed with the Court. The Certificate of Service must state

ORDER AND FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE–
CV 10-00157-BLG-RFC-CSO / PAGE 19

the date on which the document was deposited in the mail and the name and address of the person to whom the document was sent.  The sender must sign the certificate of service.

8.  McGovern <u>shall not</u> make any motion for default until at least seventy (70) days after the date of this Order.

9.  At all times during the pendency of this action, McGovern SHALL IMMEDIATELY ADVISE the Court and opposing counsel of any change of address and its effective date.  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."  The notice shall contain only information pertaining to the change of address and its effective date, except if McGovern has been released from custody, the notice should so indicate.  The notice shall not include any motions for any other relief.  Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further, the Court issues the following:

## RECOMMENDATIONS

Counts 1, 2, and 3 and Defendants Smith, Green, Noddlin,

Zackmann, Tew, Bartle, and Berman/Thompson should be dismissed.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), McGovern may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing.  As this deadline allows a party to act after the Findings and Recommendations is served, it falls under Fed.R.Civ.P. 6(d).  Therefore, three (3) days are added after the period would otherwise expire.

Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order.  <u>Martinez v.</u>

ORDER AND FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE–
CV 10-00157-BLG-RFC-CSO / PAGE 21

Ylst, 951 F.2d 1153 (9th Cir. 1991).

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 1st day of February, 2011.

                              /s/ *Carolyn S. Ostby*
                              United States Magistrate Judge

ORDER AND FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE–
CV 10-00157-BLG-RFC-CSO / PAGE 22

## NOTICE OF LAWSUIT AND REQUEST FOR
## WAIVER OF SERVICE OF SUMMONS

TO:   Warden Steve Ray, Jr.
       Dawson County Correctional Facility
       440 Colorado Blvd
       Glendive, MT 59330

     A lawsuit has been commenced by a pro se plaintiff against you.  A copy the Complaint is attached to this notice.  It has been filed in the United States District Court for the District of Montana, Civil Action No. CV-10-157-BLG-RFC-CSO.  The Court has completed its pre-screening and concludes you must file a responsive pleading.  <u>See</u> 42 U.S.C. § 1997e(c), (g)(2); 28 U.S.C. §§ 1915(e)(2), 1915A(a), (b).

     This is not a formal summons or notification from the Court, but rather a request that you sign and return the enclosed waiver of service in order to save the cost of service by the U.S. Marshal's Service.  The cost of service will be avoided if you return the signed Waiver of Service of Summons within 30 days after the entry date reflected on the Notice of Electronic Filing of the "Order to Serve Complaint by Requesting Waiver of Service of Summons," which was served with this Notice.

     If you comply with this request and return the waiver to the Court, it will be filed with the Court and no summons will be served. The action will then proceed as if you had been served on the date the waiver is filed, except you must file an answer or appropriate motion before 60 days from the date the Order directing this Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

     If you do not wish to waive service on behalf of Defendant, please indicate this on the Waiver of Service of Summons form.  The Court will, in turn, order the U.S. Marshal's Service to serve the complaint personally on Defendant and may impose the full costs of such service.

                     */s/ Carolyn S. Ostby*
                     Carolyn S. Ostby
                     United States Magistrate Judge

# WAIVER OF SERVICE OF SUMMONS

TO:  The U.S. District Court for the District of Montana

     The following Defendant acknowledges receipt of your request that they waive service of summons in the following action:  McGovern v. Ray, et al., Civil Action No. CV-10-157-BLG-RFC-CSO filed in the United States District Court for the District of Montana.  Defendant also received a copy of the Complaint.  I am authorized by the following Defendant to agree to save the cost of service of a summons and an additional copy of the complaint in this action by not requiring that the following individuals be served with judicial process in the case provided by Fed.R.Civ.P. 4:

_____; _____;

_____; _____;

_____; _____;

     The above-named Defendant retains all defenses or objections to the lawsuits or to the jurisdiction or venue of the Court except for objections based on a defect in the summons or in the service of the summons.  I understand judgments may be entered against the above-named Defendant if an answer or motion under Fed.R.Civ.P. 12 is not served within 60 days after the date the Order directing the Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

     I decline to waive service on behalf of the following Defendants:

_____; _____;

_____; _____;

_____; _____;

_____

DATE

_____

SIGNATURE

_____

PRINTED/TYPED NAME

_____

_____

ADDRESS